HaXiTi, Judge.
 

 On the trial of this suit, it appeared to me a great hardship upon Sheriffs, to be made liable for escapes of persons from jails, when they had no authority in ordering the building of them, or in keeping them in order when built, and when it does not appear that they have acted in any respect, otherwise than correctly. Considering how rigid the law of England is against Sheriffs, I had supposed, that in all probability, it gave them a greater power than our Sheriffs possess of keeping the jails in good order. But in this, I was mistaken. They are built there, and kept in order as ours are here.; the Sheriff there accepts of the office at his peril, and in case of an escape, after the debtor is committed to jail, the Sheriff is liable, however innocent he may be, except the escape has been occasioned by the act of God or the King’s enemies — 4
 
 Co.
 
 84, because the law supposes in all other cases, that the Sheriff and his posse, are sufficient — 1
 
 Str.
 
 435, and although both the Plaintiff and Defendant may be innocent, yet the law and policy require that the loss should rather fall on Ihe Sheriff, than on the other
 
 party—Cro.
 
 Ja
 
 c.
 
 419. So it is with a common carrier, he is liable in all events, unless he come within the exceptions before given. Therefore, upon further reflection, considering the policy ef the law, and conferring with my brethren, l think I misdirected the jury on the trial below, and for that reason, that a new trial should bo granted.